# HALE *v.* LEWIS.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 151. Argued January 28, 29, 1901. — Decided May 13, 1901.

A statute of Wisconsin required building and loan associations to deposit with the state treasurer securities to a certain amount, to be held in trust for the benefit of local creditors. The receiver of a Minnesota building and loan association, which had made the deposit required by the Wisconsin statute, prayed that such securities might be turned over to him, and the proceeds distributed among all the shareholders of the association, wherever they might reside, upon the ground that the association

had no authority to pledge such securities; that such pledge operated to prefer the Wisconsin shareholders over the other shareholders of the association, and was a violation of the contract clause of the Constitution. The Supreme Court held that the contract clause of the Constitution could not be invoked to release these securities from the operation of the statute, as the stockholders had waived their right to insist upon the constitutional objection by the voluntary act of the board of directors, which was binding upon them, in making the deposit with the state treasurer under the statute. *Held:* That this was a non-Federal ground broad enough to support the judgment, and the writ of error must be dismissed.

THIS was a petition filed by Lewis, as subscriber for five shares of stock in the American Building and Loan Association, in the circuit court for Dane County, against the American Savings and Loan Association, the treasurer of the State of Wisconsin, and William D. Hale, receiver of the association, (subsequently admitted as defendant,) to compel the securities of this association, held in trust by the state treasurer, to be sequestrated and distributed among the members and stockholders who are residents of the State of Wisconsin, and for an injunction and receiver as adjuncts to such relief.

The facts of the case as disclosed by the complaint, answer and counterclaim are substantially as follows:

The American Building and Loan Association was originally incorporated under the laws of Minnesota, April 15, 1887, with its principal office at Minneapolis, where it continued to transact its corporate business until June 26, 1892, when its name was changed to the American Savings and Loan Association, without in any way affecting or altering its corporate rights. The general nature of its business was declared to be "to assist its members in saving and investing money, and in buying and improving real estate, and in procuring money for other purposes, by loaning or advancing under the mutual building society plan, to such of them as might desire to anticipate the ultimate value of their shares, funds accumulated from the monthly contributions of its stockholders, and also such other funds as may from time to time come into its hands." The management of its affairs was vested in a board of seven directors, elected by the stockholders. Membership was acquired by taking stock

in the company and paying an admission fee. On July 31, 1888, the association amended its articles by adding thereto that "the board of directors may sell and dispose of the mortgages held by the corporation whenever they may deem best and as provided by the by-laws." But no by-laws were ever passed upon this subject; and on July 11, 1889, the articles of incorporation were again amended by declaring that "the board of directors shall not sell or dispose of any of the mortgages held or owned by this corporation."

On April 19, 1889, the legislature of Wisconsin enacted a law which provided that—

"No foreign building and loan association . . . shall issue its shares, receive moneys or transact any business in this State unless such association shall have and keep on deposit with the state treasurer of Wisconsin, in trust for the benefit and security of all its members in this State, the securities of the actual cash value of $100,000 of the kind mentioned in section 2 of this act, to be approved and accepted by said state treasurer, and held in trust as aforesaid, until all shares of such association held by residents of this State shall have been fully redeemed and paid off by such association, and until its contracts and obligations to persons and members residing in this State shall have been fully performed and discharged." Sanford & Berryman's Stats. sec. 2014*a*.

At the time the complaint was filed the association had 246 shareholders in Wisconsin, of whom 162 had become such prior to the enactment of this law; and thereafter, and prior to the appointment of plaintiff in error as receiver, 84 additional residents of the State became shareholders, all under a contract identical with that by which all the shareholders in thirty-four other States became shareholders in the association, and the rights, privileges, immunities and liabilities of every shareholder, whether residing in Wisconsin or elsewhere, were the same.

· A few days after the enactment of the above law, and on May 1, 1889, the board of directors adopted the following resolution: " *Resolved*, That the state treasurer of Wisconsin be made a depository of the association for temporary convenience in complying with the law of Wisconsin in regard to the de-

posit of securities, $100,000. *Also resolved*, That the association comply with the Wisconsin law as soon as possible." Thereafter, from time to time, without other or additional authority, mortgages taken by the association from its members were delivered to the state treasurer in the aggregate face value of $145,234. The shareholders had no knowledge whatever of the delivery of these mortgages to the state treasurer, nor did they consent or acquiesce in that disposition of them.

On January 14, 1896, the association having become insolvent, the plaintiff in error, William B. Hale, was duly appointed receiver by the district court of Hennepin County, Minnesota, under the laws of that State.

Subsequent to the appointment of Hale as receiver, and on February 5, 1896, one Melville C. Clarke, was appointed receiver for such association for the State of Wisconsin, by the circuit court of Dane County, and the state treasurer, who was a party to the proceeding, was ordered by the court to turn over all the mortgages in his possession as treasurer, to Clarke as receiver. This was done, and Clarke was proceeding to collect the same for the purpose of distributing the proceeds to the shareholders residing in Wisconsin.

Prior to the appointment of either of these receivers, however, Lewis filed this petition, to which Hale, the Minnesota receiver, was subsequently made a party defendant. He also filed an answer, praying that the Wisconsin receiver, Clarke, turn over to him the mortgages held by him, to be by him, Hale, collected, and the proceeds equitably distributed to all the shareholders of the association, wheresoever they may reside.

Clarke, the Wisconsin receiver, demurred to the counterclaim set up in the answer of Hale, which was sustained, and an appeal was taken from the order sustaining such demurrer to the Supreme Court, which affirmed the order of the lower court, and remanded the case for further proceedings. Hale, refusing to amend his answer and counterclaim, and electing to stand upon the record, judgment was rendered against him for costs, and from this judgment an appeal was taken to the

Supreme Court, which again affirmed the judgment of the cir cuit court. Whereupon plaintiff in error sued out this writ

*Mr. Eugene G. Hay* for plaintiff in error. *Mr. Charles H. Van Campen* was on his brief.

*Mr. John L. Erdal* for defendant in error.

MR. JUSTICE BROWN, after stating the case, delivere the opinion of the court.

While no motion was made to dismiss this case, the question of jurisdiction arising from the alleged want of a Federal question is elaborately discussed by counsel in their briefs, and has received our attentive consideration.

The original complaint by Lewis against the Building and Loan Association and the state treasurer makes no reference to such question, and merely prays for relief under the state statute, and for a distribution of the local assets among the local stockholders. The answer of the state treasurer admits the main allegations of the bill, and apparently accedes to the position of the plaintiff. The answer and counterclaim of Hale, the Minnesota receiver, who was subsequently admitted as defendant, sets up no conflict between the Wisconsin statute and the Federal Constitution, but denies the authority of the association to pledge, transfer or dispose of any of its mortgages, which were delivered to the state treasurer without authority; asserts that the assets of the association, including the mortgages in the possession of Clarke, are not sufficient to pay all the shareholders in full, and that if Clarke, the Wisconsin receiver, shall collect the mortgages in his possession, and distribute the same to the Wisconsin shareholders, they will receive their pay in full, and thereby be constituted a preferred class against equity and good conscience, and contrary to the purposes of the association as defined by its articles; and finally, " that the law under which it is alleged said mortgages were deposited was intended to protect said Wisconsin shareholders in all their rights growing out of their membership in said association, and not for the purpose of extending, altering or

changing said rights; that the purpose for which any deposit made by said association with said state treasurer under said law was made terminated and was at an end when said association became insolvent and incapable of carrying out its contracts and effectuating the purpose of its being."

To this answer and counterclaim Clarke, the Wisconsin receiver, as well as Lewis, the plaintiff, demurred for insufficiency. The demurrer was sustained, and the defendant Hale given leave to amend. Instead of amending, Hale took an appeal to the Supreme Court from the orders sustaining the demurrer.

Upon this appeal the Supreme Court held that the principal question presented was as to the construction, validity and effect of the law of Wisconsin requiring such associations to make a deposit of securities as a condition to doing business, and decided, *first*, that the mortgages in dispute were deposited with the state treasurer by the corporation in a *bona fide* attempt to comply with the Wisconsin law; that it was its duty and within the power of its directors to make such deposits, as a condition precedent to the right to do business in Wisconsin; that the recognition of the existence of a corporation by any other than the State of its creation depends purely upon the comity of such other State or States; that the power to exclude such corporations embraces the power to regulate them, and that this doctrine was conclusive as to the validity of the pledge of the securities in question under the Wisconsin statute, and was also within the power of the corporation, and not in violation of the trust reposed in the board of directors. /And, *second*, that whatever the view taken of the rights and relations of the entire body of stockholders as between themselves and the corporation, the contract clause of the Constitution could not be invoked to release these securities from the operation of the statute, as the stockholders had waived their right to insist upon the constitutional objection by the voluntary act of the board of directors in making the deposit with the state treasurer under the statute. Said the court: "Whatever the practical result of the enforcement of the trust in favor of Wisconsin shareholders, creditors and others sustaining contractual relations with the corporation defendant may be, it rests, as we think and as we

hold, upon the consent of the corporation and of its shareholders lawfully given, as it well might be in the present case, by and through its board of directors, for a valid consideration received by the corporation to the benefit and advantage of those now denying its validity."

The orders appealed from were affirmed, and the case sent back to the circuit court. Hale refusing to amend and electing to stand on the record, judgment went against him for costs. He appears to have carried the case again to the Supreme Court, and for the first time assigned as error the repugnancy of the statute to the Constitution of the United States. Judgment was again affirmed.

Passing the question whether a party who failed to set up a Federal question in his original pleadings, or upon his first appeal to the Supreme Court, and subsequently declines to amend, and only sets such question up in an assignment of errors on a second appeal, after the question had been practically disposed of by the Supreme Court, does not lay himself open to the objection so often sustained by us that a party cannot raise a Federal question for the first time on a motion for a rehearing, *Union Mutual Life Ins. Co.* v. *Kirchoff*, 169 U. S. 103, 113; *Yazoo & Mississippi Valley Railway Co.* v. *Adams*, 180 U. S. 1, it is clear that the Supreme Court disposed of the case upon a non-Federal ground broad enough to support the judgment. It held, in substance, that, conceding the law to be unconstitutional, the corporation is estopped to set up its invalidity, by the action of the board of directors in depositing securities with the state treasurer under the Wisconsin statute ; that such action was within the power of the board ; was binding upon the stockholders, and that such deposit, having been made subject to the condition that the securities shall be held " in trust for the benefit and security of its members in this State, . . . and held in trust as aforesaid, until all shares of this association shall have been fully redeemed and paid off by such association, and until its contracts and the obligations to persons residing in this State shall have been fully performed and discharged," the stockholders as well as the corporation were estopped to claim that such condition was invalid.

The case is completely covered by that of *Eustis* v. *Bolles,* 150 U. S. 361. This was an action to recover the residue of a note, the holder having received one half of the amount under certain insolvency proceedings in Massachusetts. Defendants pleaded the proceedings in insolvency, an offer of composition, its acceptance by plaintiff and the receipt of the amount coming to him under the composition. Plaintiff demurred, and insisted that the statute, which had been enacted after the note had been executed, impaired the obligation of his contract. The Supreme Court held that the action of plaintiff in accepting his dividend under the insolvency proceedings was a waiver of his right to object to the validity of the statute. Upon writ of error from this court, we held that, in deciding that it was competent for plaintiff to waive his legal-rights, and that accepting his dividend under the insolvency proceedings was such a waiver, the court did not decide a Federal question, and the writ of error was dismissed, citing *Beaupré* v. *Noyes,* 138 U. S. 397. See also *Electric Co.* v. *Dow,* 166 U. S. 489; *Pierce* v. *Somerset Railway,* 171 U. S. 641; *Seneca Nation* v. *Christy,* 162 U. S. 283.

The case differs from the one under consideration only in the fact that in this case there was a further question whether the waiver was binding not only upon the corporation but upon its stockholders. That question involved the construction of the Wisconsin statute, but no Federal right. See also *Moran* v. *Horsky,* 178 U. S. 205, in which a defence under the laws of the United States was held by the Supreme Court of Montana to have been waived by the laches of the plaintiff. This was also held to be a non-Federal ground sufficient to support the judgment, and the writ of error was dismissed.

The same result must follow in this case, and the writ of error is, therefore,

*Dismissed.*