## MINNEAPOLIS FIRE & MARINE MUTUAL INSURANCE COMPANY *v.* NORMAN.

### Opinion delivered February 11, 1905.

1. CORPORATION—DEFENSE OF ULTRA VIRES.—Where a foreign insurance company, authorized to insure property upon the assessment plan, gave the bond required of stock companies issuing standard policies, and proceeded to issue policies on the standard plan, instead of the assessment plan, it cannot, after receiving the benefit of such contracts, invoke the doctrine of *ultra vires* to defeat an action brought against it on such a contract.   (Page 192.)

2. SURETY—RIGHT TO PLEAD ULTRA VIRES.—A surety on the bond of a foreign mutual fire insurance company, executed to enable it to do a standard, and not a mutual, insurance business, cannot plead as a defense that the policies issued by the company were *ultra vires.* (Page 194.)  ·

Appeal from Ashley Circuit Court.

ZACHARIAH T. WOOD, Judge.

Affirmed.

### STATEMENT BY THE COURT.

The appellant makes this statement of the issues presented: "The record shows that plaintiff had a policy of fire insurance in the Minneapolis Fire & Marine Mutual Insurance Company on property in Parkdale, Ark.; that he paid the premium for the policy, and that while the policy was in force the property was damaged by fire; that his loss was adjusted by an adjuster for the Minneapolis Fire & Marine Mutual Insurance Company. These defendants were sureties on the bond given by the Minneapolis Fire & Marine Mutual Insurance Company to the State of Arkansas, and the fire loss occurred while the bond was in force. These defendants pleaded and proved that the Minneapolis Fire & Marine Mutual Insurance Company had authority by its charter to do only a mutual fire insurance business, and argued

that the policy sued on was an *ultra vires* contract of the corporation, and as such the bond was not liable to a claim upon the policy. The charter and the insurance laws of Minnesota were in evidence, and are in the transcript for appeal."

The insurance company has failed, and a receiver represents it. The bond of the sureties is conditioned as required by section 4339, Kirby's Digest, which is the bond covering insurance by "stock companies," as distinguished from mutual companies, for which a form of bond is designated in section 4348.

In determining the case it is assumed that the facts alleged by the appellants, towit: That the policy in question, which was of standard form used by stock companies, was not such a policy as the insurance company was authorized to issue, and that it was not authorized to issue standard form policies, but only mutual form policies, and that such facts appeared from the articles of incorporation on file in the Auditor's office at the time the bond was given, and when the policy was issued.

The sureties testified that they expected the insurance company to do a mutual business. Clay Sloan, then Auditor of State, testified that he would not have licensed the insurance company to do business in the State unless it gave such a bond as the one sued on. He required this class of bond from all foreign insurance companies, whether mutual or not, as a condition precedent to doing business in the State.

*Cantrell & Loughborough,* for appellants.

Policies issued by a mutual assessment company for fixed cash premium are *ultra vires* and void. 60 N. W. 232; 96 Ia. 129; 85 N. W. 747; 29 S. E. 533; 71 Wis. 621; 42 Ohio, 555; 50 Ohio, 145; 129 Ill. 440; 40 N. W. 775; 40 S. E. 512; 37 Me. 256; 91 N. W. 266. The surety is not liable. 139 U. S. 24; Brandt, Sur. 93; 72 Mo. 387; 65 Cal. 358; 23 Ala. 807; 9 Mo. App. 63; 81 N. Y. 406; 29 Mo. 267; 67 Ind. 541; Brandt, Sur. § 528; Throop, Pub. Off. § 231. Appellant as surety is not liable under the terms of the bond. 4 Pick. 314; 90 N. Y. 116; 2 Pick. 223; 61 Mich. 423.

*Pugh & Wiley,* for appellee.

The surety is liable.   97 N. W. 110; 80 S. W. 576; 126 N. Car. 320; 128 N. Car. 366; 170 U. S. 144; 183 U. S. 402; 145 Mass. 302; 44 N. H. 198; L. R. 19 Ch. 478. Fraud and misrepresentations imposed on surety is no defense.   Stearns, Surety, 158; 53 Me. 284; 32 S. C. 229; 48 Cal. 610; 79 Ala. 550; 63 Me. 212; 16 Wall, 1; 63 N. Y. 389; 33 Ala. 106; 44 N. H. 198; L. R. 19 Ch. 478; 22 Wis. 376; 27 Am. & Eng. Enc. Law (2d Ed.), 467.

Hill, C. J., (after stating the facts.)   A mutual insurance company, authorized to insure property upon the assessment or mutual plan, enters the State, gives the bond required of stock companies issuing standard policies, and proceeds to do an insurance business on the standard insurance lines, instead of the mutual or assessment lines.   Its charter is filed with the Auditor when it qualifies to do business in the State.   Is such company and the sureties on its bond liable for loss under a standard policy?

The appellant contends that the contract of insurance was *ultra vires,* and not binding on the insurance company; that, even if binding on the insurance company, the sureties on its bond are not liable, because they had a right to expect the insurance company would do a lawful business, and their obligation bound them only to indemnify against its lawful contracts, not its *ultra vires* ones.

Judge Thompson says:   "The plaintiff may rightfully presume that the defendant has complied with the statutes entitling it to do business within the State.   It has been observed that one of the objects of such statutes is the protection of the people against worthless foreign companies; and that, as the domestic citizen is not required to see that the foreign corporation has observed the laws before he enters into a contract with it, there is no reason, founded in public policy, which will enable a solvent foreign corporation, which has violated the domestic law in making contracts and receiving the consideration therefor from an innocent citizen, to escape liability for its performances by setting up its own turpitude."   6 Thompson on Corp. § 7960.

Applying these principles to the case at bar, then, no negligence in failing to ascertain the charter powers of the insurance company can be imputed to the policy holders.   The insurance company came clothed with authority from the State of Arkansas, through the action of these sureties, with authority to write the

policy in question; and, as Judge Thompson expresses it, "the domestic citizen is not required to see that the foreign corporation has observed the laws before he enters into a contract with it."

A mutual building and loan corporation of Minnesota went into the State of Wisconsin, and there deposited, as a condition precedent under the laws of Wisconsin to do business in that State, securities of the value of $100,000. The association failed, and a contest ensued between the receiver of the association, acting for all the stockholders and a receiver acting for the Wisconsin stockholders, who claimed these securities for their benefit. After holding it was within the power of the association to enter into such obligation in favor of the State of Wisconsin, the court then considered the *ultra vires* defense pleaded thereto, and said: "It is well settled that a corporation cannot avail itself of the defense of *ultra vires* when the contract in question has been in good faith fully performed by the other party, and the corporation has had the full benefit of the performance of the contract. * * * And, in general, the plea of *ultra vires* will not be allowed to prevail, whether interposed for or against a corporation, when it will not advance justice, but, on the contrary, will accomplish a legal wrong" (citing authorities). *Lewis* v. *American S. & L. Ass'n,* 98 Wis. 203. This case was carried to the Supreme Court of the United States on writ of error, and there the writ was dismissed on the ground that there was nothing in the decision violative of any rights guarantied by the Constitution, statutes or treaties of the United States. *Hale* v. *Lewis,* 181 U. S. 473. In speaking of life insurance certificates claimed to be invalid as *ultra vires,* the Supreme Court of Iowa said: "These certificates are not to be treated as valid for the purpose of collecting assessments, and invalid for the purpose of escaping liability." *Matt* v. *Roman Cath. Mut. Protective Soc.,* 70 Ia. 455. The Supreme Court of Illinois said of an insurance contract: "Where the contract has been fully performed by the party contracting with the corporation, and the corporation has received the benefits from such contract, it cannot invoke the doctrine of *ultra vires* to defeat an action brought against it on such contract." *Bloomington Benefit Association* v. *Blue,* 120 Ill. 121. To the same effect, and as against sureties, is *Kadish* v. *Garden*

—7

*City, etc., Ass'n,* 151 Ill. 531. In *Emmet* v. *Reed,* 8 N. Y. 312, the court held that an *ultra vires* act of the president and secretary could not be repudiated after the company had reaped the benefit of it. The industry of counsel in this case, and the others submitted with it, has brought a long line of cases presenting every phase of this subject, and these are selected as illustrative of the general rules, and many more to the same effect will be found cited in the briefs.

But it is alleged that, even if the company is estopped to plead its *ultra vires,* these sureties are not. The Court of Appeals of New York disposes of that question in this language: "The defendant cannot be permitted to show that this bond is invalid on the ground that it was issued by the corporation for a purpose not authorized by its charter. The guaranty of payment of the bond by the defendant imports an agreement or undertaking that the makers of the bond were competent to contract in the manner they have, and that the instrument is a binding obligation upon the makers." *Remsen* v. *Graves,* 41 N. Y. 471. Many authorities are cited to sustain this statement. The insurance company and those representing it are estopped to avail themselves of the *ultra vires* contract it made. The sureties have given life and force to the *ultra vires* act of doing business on the standard plan, instead of the mutual plan. They have sown the seed, and must reap the harvest of thistles.

The judgment is affirmed.