### ARKADELPHIA LUMBER COMPANY *v.* POSEY.

#### Opinion delivered March 4, 1905.

1. CORPORATION—ULTRA VIRES—ESTOPPEL.—Where a manufacturing corporation undertook to insure its employees against accident, and accepted the consideration therefor from an employee who had performed his part of the contract, it was estopped, as to him, from pleading that such a contract was *ultra vires.* (Page 381.)

2. INSTRUCTION—WHEN ERROR CURED.—An instruction which, standing alone, is defective, may be cured by other instructions given. (Page 381.)

3. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Denial of a new trial for newly discovered evidence is not error where it is merely cumulative of other evidence, if appellant did not show that he made proper effort to obtain it at the trial, and if it is controverted by other evidence on the part of appellee. (Page 382.)

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

#### STATEMENT BY THE COURT.

S. H. Posey sued the Arkadelphia Lumber Company on a contract entered into by it, and alleged in his complaint that plaintiff agreed to labor for the defendant, and it was stipulated that the Arkadelphia Lumber Company would pay him therefor at the rate of $1.65 per day, and deduct from his wages and hold and retain for insurance 75 cents for each and every month he might be so employed, and for such sum so deducted agreed to insure him against accidents that might happen to him, while in

its employ, resulting in injury to his person disabling him so as to render him unfit for labor either for a short time or permanently, and, if injured, to pay him one-half of the stipulated wages during the time he should be disabled by the injury; that he paid, and defendant deducted each month from his wages, 75 cents for such insurance; that on August 23, 1900, during his employment, plaintiff was accidentally injured by striking his leg against an iron railing, and was rendered unable to perform labor, and so continued for several months, and that by reason thereof he is entitled to recover $291.20.

The defendant answered in substance as follows:

"(1.)    That it was a corporation organized under the laws of Arkansas, and authorized to carry on a sawmill and mercantile business, but that its charter granted it no authority to carry on an insurance business; denied that it agreed to, or that it did, insure the plaintiff as alleged in the complaint; denied that it was one of the stipulations in the contract of employment that plaintiff should pay, and defendant should deduct from plaintiff's wages, 75 cents per month, in consideration of which defendant agreed to insure plaintiff in any way.

"(2.)    It denied that, on the 23d of August, 1900, or at any other time, plaintiff was injured and suffered as stated in the complaint; but alleged that whatever sickness and disability the plaintiff suffered was caused, not by any injury received in defendant's employ, but by reason of other and independent causes.

"(3).    It alleged that on the 28th of March, 1900, the Home Accident Insurance Company of Fordyce, Ark., issued a policy of accident insurance to the defendant, as trustee, for the use and benefit of its employees. The said policy covered the time when it is alleged that plaintiff was injured. That the 75 cents, referred to in the complaint as paid to defendant for insurance, was paid or retained for the use and benefit of said Home Accident Insurance Company, which company, in consideration thereof, insured defendant's employees against bodily injuries sustained through external, violent and accidental means while actually engaged in the performance of work for defendant."

In a trial before a jury, both parties adduced evidence tending to prove the allegations in their respective pleadings. And the

court, at the request of the plaintiff, and over the objections of the defendant, instructed the jury as follows:

"1.  The court instructs the jury that if they find from the evidence that the plaintiff was in the employ of the defendant on the 23d day of August, 1900, and that he was accidentally injured, and from said injury he was disabled that he could not work for twelve months, then you should find for the plaintiff in the sum of one-half of the wages he was receiving at the time of the injury, if any is proved, during the time he was disabled, not exceeding twenty-six weeks."

"2.  The court instructs the jury that a contract of insurance may be entered into by and between parties not engaged in the insurance business; and if the jury find from the evidence in this case that defendant agreed to insure the plaintiff against accidents causing injury to person, it would be binding upon it, although the defendant was not in the insurance business."

The court gave the following instructions at the request of the defendant:

"1.  The burden of proof in this case is upon the plaintiff to show by a preponderance of the evidence that the defendant engaged, for a consideration paid to it, as an insurer, to insure the plaintiff against accidents as stated in the complaint; and in this case, if you believe from the evidence that the defendant was merely acting as trustee for its employees, among whom was the plaintiff, you will find your verdict for the defendant."

"2.  If the jury believe from the evidence that the defendant did insure the plaintiff as claimed, but that the plaintiff's hurt, complained of, was not the result of external, violent and accidental means while actually engaged in the employment of the defendant, they should find their verdict for the defendant."

"3.  If the jury believe from the evidence that the Arkadelphia Lumber Company did not itself insure the plaintiff, but simply acted under a policy of insurance issued by the Home Accident Insurance Company, of Fordyce, Ark., as trustee for its employees, among whom was the plaintiff, they will find their verdict for the defendant."

The jury returned a verdict in favor of the plaintiff for $150.15.

The defendant moved for a new trial, in part, because of the newly-discovered evidence of William A. Whitted and John Anderson "to the effect that they had heard the plaintiff say, prior to the alleged injury and before he now claims to have been injured, that he had a boil on his leg, and exhibited the same to them." To support this demand for a new trial, it filed the affidavits of Whitted and Anderson.

The affidavit of Whitted is as follows:

"I, William A. Whitted, do solemnly swear that I am a citizen of Clark County, Arkansas, and am 46 years of age. During the month of August, 1900, I was in the employ of the Arkadelphia Lumber Company, and have been since that time continuously. I worked with the plaintiff, S. H. Posey, in firing the dry house boilers; it took two men to do that work. About four or five days before the plaintiff got on the sick list in August, 1900, he complained to me that a boil on his leg was hurting him very much, and he at that time showed me his leg, and I saw on it a small place which he said was a boil. It was, I think, on his right leg, about four or five inches above the ankle joint. I am not sure whether it was on the inside or outside of his leg. It looked to me like a boil. It had a small head to it. The swelling round it covered a spot not far from the size of a dime. S. H. Posey told me the day that he quit work that he had fever; and if his boil did not get better, he did not know that he would come back to work the next day. Posey did not at any time, prior to his leaving and being on the sick list, complain to me, or in my presence, of his having been hurt in any way. After that time S. H. Posey was on the sick list for some time. He never came back to work at firing the boilers, but after that I did notice him working at some sort of light work for a few days. I never said anything to Mr. C. G. Carpenter, the assistant manager of the defendant, Arkadelphia Lumber Company, or to Mr. Thos. Gage, the general manager, or to any other officer of that company, about what occurred between Mr. S. H. Posey and myself as above detailed, nor do I remember that I ever said anything about it to any one at any time until I mentioned it to Mr. John C. Brown, on Thursday morning, the 28th of August, 1902, after the trial of the case of S. H. Posey *v.* Arkadelphia Lumber Company, which was tried, as I understand, on the 27th day of August,

1902. Early in the morning of that day (August 28, 1902) said John C. Brown, who is also one of the employees of the defendant, was telling me about Mr. S. H. Posey having sworn that he got hurt by striking his leg on a pipe the day that he quit working and got on the sick list in August, 1900, and I then for the first time told him about what I have above detailed.

                                          "W. A. WHITTED.

"Subscribed and sworn to before me this, the 28th day of August, 1902.

     (Seal.)                  "C. C. JACKSON, *Notary Public.*"

The affidavit of Anderson is to the same effect.

Plaintiff filed his affidavit, specially denying all of the statements made by Whitted and Anderson in their affidavits as to the sore on his leg.

The court overruled the motion for a new trial, and the defendant appealed.

*J. H. Crawford,* for appellant.

The verdict is not supported by the evidence. 14 Ark. 203; 34 Ark. 632; 57 Ark. 467. A new trial should have been granted for newly discovered evidence. 41 Ark. 229; 54 Ark. 364; 26 Ark. 496; 48 Mass. 478; 24 Neb. 818; 1 Greenleaf, Ev. § 2; 75 Wis. 24; 12 Ga. 500; 92 Cal. 202; 66 Ark. 612.

*McMillan & McMillan,* for appellee.

The newly discovered evidence was merely cumulative. 17 Ark. 420; 2 Ark. 133; 47 Ark. 196; 40 Ark. 445; 68 Fed. 827. There was evidence to support the verdict. 25 Ark. 474; 24 Ark. 251; 31 Ark. 163; 18 Ark. 396; 10 Ark. 138.

BATTLE, J., (after stating the facts.) The Arkadelphia Lumber Company was a corporation, and had no authority to insure; but if it insured as alleged, received the consideration therefor, and appellee performed his part of the contract, as the jury evidently found, it is estopped from pleading that such a contract was "*ultra vires*". *Minneapolis Fire & Marine Mutual Insurance Co.* v. *Norman, ante,* p. 190, and cases cited.

The first instruction given at the request of the appellee is exceedingly defective. According to it, unexplained by other instructions and circumstances, the jury was required to return

a verdict in favor of the plaintiff, if they found that he was in the employ of the defendant on the 23d day of August, 1900, and was accidentally injured and disabled, and could not work for twelve months. But the first and third instructions given at the instance of the appellant clearly show that the court did not intend to so instruct, and virtually told the jury that they should not return a verdict in favor of the appellee unless they found from "a preponderance of the evidence that the defendant engaged, for a consideration paid to it as an insurer, to insure the plaintiff against accidents as stated in the complaint." The whole case, the pleadings, the evidence and the instructions of the court, it seems to us, were calculated to impress the mind of an average person with the thought that the appellee could not recover unless the appellant insured against accidents as alleged in the complaint. Did the Arkadelphia Lumber Company insure Posey against accidents? This was the prominent and controlling issue in the case. Upon that the result depended. The pleadings, evidence and instructions so presented it. We do not think that the instruction in question was prejudicial.

The evidence, though unsatisfactory to us, is sufficient to sustain the verdict of the jury.

The court is of the opinion that the trial court committed no reversible error in overruling the motion for a new trial, for the following reasons:

(1.) The newly-discovered evidence was sufficient. The physician who attended appellee, and saw his leg soon after the accident, testified that when he first saw him he had something on his right leg that looked like an ulcer—"a little place about the size of a thumb nail, something like a boil." That "there was nothing to indicate an accident;" that it was produced perhaps by "some condition of the blood; it was an ulcer; there was no evidence of a wound or hurt." So much of the newly-discovered evidence as was material was cumulative to this.

(2). Appellant was not as diligent as it might have been. It should have investigated the alleged accident before the trial. The two newly-discovered witnesses were fellow-servants of appellee, and it is reasonable to presume that they might have given some information in that respect, if the investigation had been made. Had it done so, it is highly probable the newly-discovered evidence would have been obtained at the trial.

(3.)   The motion for a new trial addressed itself to the sound discretion of the trial court.  The affidavits as to the newly-discovered evidence were conflicting.  The affidavits of Whitted and Anderson were controverted.  A question of fact was thereby presented which was in the province of the court to decide.

The writer is, however, for reasons unnecessary to state, of the opinion that a new trial ought to have been granted on the ground of the newly-discovered evidence.

Judgment affirmed.