## DUNBAR *v.* CAZORT & McGEHEE COMPANY.

### Opinion delivered October 31, 1910.

1. CORPORATIONS—WHEN ULTRA VIRES NO DEFENSE.—That a corporation exceeded its charter powers in becoming a surety for another cannot be pleaded by the principal who received the benefit of such contract. (Page 310.)

2. SAME—WHEN ULTRA VIRES NO DEFENSE.—Where a corporation became surety for another, and took a mortgage to indemnify itself, and paid the debt secured, neither the mortgagor nor her grantee can insist, in a suit to foreclose such mortgage, that the corporation exceeded its charter powers in becoming a surety for another. (Page 310.)

3. PRINCIPAL AND SURETY—JUDGMENT AGAINST SURETY—EFFECT.—A judgment against a surety on a bond, though by consent, is *prima facie* evidence of the amount of the surety's liability in a suit against the principal to foreclose a mortgage given by the principal to indemnify the surety against such liability. (Page 311.)

Appeal from Crawford Chancery Court; *J. Virgil Bourland,* Chancellor; affirmed.

*Edwin Hiner* and *George W. Dodd,* for appellant.

Neither by its articles of incorporation nor by the laws of the State is appellee impowered to lend its credit and become surety for others. Its attempt to become surety upon the supersedeas bond was *ultra vires,* and void. 10 Cyc. 1109; *Id.* 1153; 7 Wis. 59; 90 Ill. App. 287.

A consent judgment obtained under an *ultra vires* contract is of no more validity than the invalid contract upon which it was founded. 29 Am. & Eng. Enc. of Law (2 ed.) 49.

At the time of appellant's purchase, two years prior to the circuit court judgment, appellee had, at most, only a claim for unliquidated damages upon the supersedeas bond. The judgment is not even *prima facie* evidence against appellants. John Sharp and Ella R. Sharp were the primary debtors, and

the rule announced in 74 Ark. 528 applies. See also 83 Ark. 528.

*Winchester & Martin* and *Kimpel & Daily,* for appellee.

1. The burden of proving that an act of a corporation is *ultra vires* is upon the party who alleges it. In this case the judgment against appellee is *prima facie* evidence of the amount of the liability secured by the mortgage. 91 Ark. 400. Production of the articles of incorporation is not sufficient to show that the execution of the supersedeas bond was *ultra vires.* Until the burden of proof is satisfied, the presumption remains that the corporation acted within its powers. 10 Cyc. 1155; 4 Minn. 385; 20 N. J. Eq. 542; 97 N. Y. 378; 21 N. Y. 124; 19 N. Y. 369; 75 Am. Dec. 347.

Whenever it is necessary to enable a corporation to accomplish the objects for which it was created, or whenever it is reasonably necessary or proper for the protection of its business, a corporation may, though not expressly authorized by its articles, become surety or guarantor for another. Marshall on Corp., § 69; 82 Fed. 355; 185 Ill. 37; 96 Wis. 239.

2. Appellants can not complain. Violation of its charter by a corporation does not give a third party, whose rights are not affected, any rights against the corporation. 26 U. S. (Law Ed.), 1015; Thompson on Corp., § § 6033 *et seq.;* 10 Cyc. 1166. The plea of *ultra vires* will, as a rule, not prevail where it will not advance justice but will accomplish legal wrong. 74 Ark. 190; 98 Wis. 203; 63 N. Y. 62; 5 Thompson on Corp. § 6016; 70 Ark. 237, 239; 42 Am. St. Rep. 256. A corporation is estopped to plead *ultra vires* where it has received a benefit. 74 Ark. 190; *Id.* 377. And where a contract has been fully executed, neither party has relief against it. 120 Ill. 121; 5 Thompson on Corp., § 6023 *et seq.;* 8 Otto 621. See also 70 Am. St. Rep. 156, note.

McCULLOCH, C. J. The plaintiff, the Cazort-McGehee Company, a domestic corporation, together with one W. R. Bolling, became the surety of John Sharp and Ella Sharp on a supersedeas bond on appeal to the Supreme Court from a judgment against the latter in the chancery court of Crawford County, wherein Henry L. Fitzhugh, trustee in bankruptcy, was plaintiff, and said John Sharp and Ella Sharp were defendants. Ella

Sharp owned lands in Crawford County, Arkansas, and at the time of the execution of said bond she executed and delivered to the plaintiff a mortgage on one of said tracts of land for the following purpose recited therein:

"Whereas, the Cazort & McGehee Company have become sureties on a supersedeas bond given by John Sharp and Ella Sharp to supersede a judgment in favor of Henry L. Fitzhugh in the sum of four thousand dollars. Now, if the said John Sharp and Ella R. Sharp shall satisfy said judgment if affirmed or any judgment rendered against them by the Supreme Court in this cause, then this bond shall be void; but if they fail to do so, then the said grantees or their assignee, agent or attorney in fact, shall have power to sell said property at public sale to the highest bidder for cash, * * * and the proceeds of said sale shall be applied, first, to all costs and expenses attending said sale, second, to the payment of said debt and interest, and the remainder, if any, shall be paid to said grantor."

Subsequently the judgment appealed from was in part affirmed, and Fitzhugh, the judgment creditor, instituted an action against the sureties on the bond, and recovered the sum of $2,500, which amount the plaintiff was compelled to pay in satisfaction of the judgment. The present action was instituted in the chancery court of Crawford County by the plaintiff, Cazort & McGehee Company, to foreclose the mortgage, and W. T. Dunbar, subsequent purchaser from Mrs. Sharp, was made a party defendant. From a decree foreclosing the mortgage Dunbar has appealed.

The principal contention of the appellant is that the corporation exceeded its charter powers in becoming surety, and that the contract of suretyship, and the mortgage as well, is void. At least two reasons may be stated, without searching for others, why this contention is unsound, or at least why the infirmity of the contract can not be pleaded. In the first place, Mrs. Sharp, one of the parties, received the benefit of the contract, and she and appellant, who derived his rights to the mortgaged property from her, are estopped from setting up the invalidity of the contract. In the second place, appellee has fully performed the contract on its part by paying the amount of the liability thereunder. Therefore it is an executed

contract on one side, and neither Mrs. Sharp, nor her grantee, who succeeded to her rights, can set up the fact that the execution of the contract was beyond the power of the corporation. *Minneapolis F. & M. Mut. Ins. Co.* v. *Norman,* 74 Ark. 190; *Arkadelphia Lbr. Co.* v. *Posey,* 74 Ark. 377; 3 Thompson on Corporations (2 ed.), § § 2787, 2788, 2789.

The judgment on the bond rendered in favor of Fitzhugh against the appellee, though a consent judgment, is *prima facie* evidence of liability for the amount recovered; and the proof introduced by the appellant was not sufficient to overcome this presumption. *Cazort & McGehee Company* v. *Dunbar,* 91 Ark. 400.

Other questions are raised which are not of sufficient importance to discuss.

Decree affirmed.