A. B. JONES COMPANY v. DAVIS.

Opinion delivered March 10, 1930.

*Hawthorne, Hawthorne & Wheatley,* for appellant.

*Aline Murray* and *N. F. Lamb,* for appellee.

SMITH, J. C. H. Davis sued the A. B. Jones Company, a corporation, alleging that he had an exclusive contract for the distribution of the Anheuser-Busch products in the Jonesboro, Arkansas, territory, and that he thereafter

entered into a contract with the Jones company, whereby the company was to handle the products and divide the net profits equally with him in consideration of his transferring his agency contract to the Jones company.

Davis offered testimony supporting these allegations. The contract was made in June, 1916, and for four and one-half years the profits were equally divided, except that in one year no profits were made. In February, 1921, Davis received a letter from the corporation, written by Jones, its president, in which it was proposed that thereafter, instead of dividing the profits equally, a royalty of $500 per year be paid. This proposition was accepted by Davis, and the royalty agreed upon was paid annually up to and including the year 1926.

Payment of the 1927 royalty was refused, and this suit was brought to collect it. Liability was denied upon the grounds that (a) that was no such contract, and (b) if made, it was void as having been made without the knowledge or consent of the corporation, and its execution was in excess of the power of the president, without authority so to do having been conferred by the corporation. By way of counterclaim, the corporation prayed judgment for the amount of the payments which had been previously made Davis.

We think the testimony clearly shows there was such a contract. The payments under it are reflected by the books of the corporation extending over a period of about twelve years, and these books had been audited annually.

Jones ceased to be in active charge of the business of the corporation about August 1, 1927, and was succeeded as manager by J. S. Long, who had previously been the credit manager of the corporation. Long testified that he had been with the Jones company continuously since its organization, and that he knew nothing of the contract. He admitted, however, that the books of the company show the payments which had been made under it, and that he had himself drawn these checks under the direction and upon the order of Jones, the president. Two

directors of the corporation testified that they were directors at the time the alleged contract was made, and that no such contract had been submitted to or acted upon by the directors, and no authority had been conferred upon Jones to make it.

The court rendered judgment for the amount sued for, to-wit: one year's royalty amounting to $500, and dismissed the counterclaim.

For the reversal of this judgment it is insisted that the contract, if made, between Davis and the corporation, created, in effect, a partnership between Davis and the corporation, and was therefore an *ultra vires* act and void.

We do not agree that the effect of the contract was to create a partnership, as by its terms Davis merely assigned his agency and thereafter had no control over it. For this assignment he was to be paid one-half of the net profits of the agency, and later he was promised a royalty of $500 per annum, without liability for any losses that might be sustained.

We do not find it necessary to determine whether the contract was an *ultra vires* one or not. *Browne-Brun Wholesale Grocery Co.* v. *Hinton,* 179 Ark. 831, 18 S. W. (2d) 369. But, even if so, it has, so far as this lawsuit is concerned, been fully performed, and the corporation has received the benefits of its performance, and it cannot now repudiate the contract after having received the profits derived from its performance. *Ouachita Valley Bank* v. *Pullen, ante* p. 38; *Wilson* v. *Davis,* 138 Ark. 111, 211 S. W. 152; *Richeson* v. *National Bank of Mena,* 86 Ark. 594, 132 S. W. 913; *Bloom* v. *Home Ins. Agency,* 91 Ark. 367, 121 S. W. 293; *Western Dev. & Inv. Co.* v. *Caplinger,* 86 Ark. 287, 110 S. W. 1039; *Arkansas & La. R. Co.* v. *Stroude,* 77 Ark. 109, 91 S. W. 18, 113 Am. St. Rep. 130; *Arkadelphia Lbr. Co.* v. *Posey,* 74 Ark. 377, 85 S. W. 1127; *Minneapolis F. & M. Mut. Ins. Co.* v. *Norman,* 74 Ark. 190, 85 S. W. 229, 109 Am. St. Rep. 974, 4 Ann. Cas. 1045; *El Dorado Pipe Line & Supply Co.* v. *Penguin Oil*

*Co.*, 174 Ark. 843, 296 S. W. 713 ; *Layton v. Central States,* *etc., Co.,* 147 Ark. 355, 227 S. W. 415.

The decree is correct, and is therefore affirmed.