## RAILWAY V. HALL.

### Decided March 1, 1890.

1. *Exemplary damages—Negligence without malice.*

In an action against a railway company to recover damages for a personal injury, occasioned by the negligence of its servant, it is error to charge the jury respecting exemplary damages, where it is not shown that the servant was guilty of willfulness or conscious indifference to consequences from which malice may be inferred.

2. *Same—Remittitur of excessive damages.*

Where, in such an action, in addition to compensatory damages for plaintiff's expenses, for his loss of time and his diminished capacity for

| | |
|---|---|
| 53 | 7 |
| 56 | 53 |
| 56 | 390 |

| | |
|---|---|
| 53 | 7 |
| e74 | 332 |
| 77 | 115 |

| | |
|---|---|
| 53 | 7 |
| f78 | 333 |
| 78 | 561 |
| f80 | 263 |

| | |
|---|---|
| 53 | 7 |
| 84 | 249 |
| 84 | 252 |
| 84 | 253 |

| | |
|---|---|
| 53 | 7 |
| 87 | 127 |
| f87 | 203 |

| | |
|---|---|
| 53 | 7 |
| f89 | 268 |
| f90 | 122 |
| 90 | 468 |

labor, and for his suffering, the jury are erroneously instructed to consider the element of punitive damages, a *remittitur* of such excessive damages will not be allowed

APPEAL from *Garland* Circuit Court.

J. B. WOOD, Judge.

The plaintiff Hall sued the St. Louis, Iron Mountain and Southern Railway Company, alleging that while traveling in a wagon and passing over defendant's track at a public crossing in Saline county, Arkansas, the employes of defendant in charge of one of its engines then standing on the track at or near said crossing unnecessarily, wantonly and willfully caused the steam to escape from the engine in such manner as to frighten the mules plaintiff was driving, so that they ran away, throwing plaintiff out of the wagon and causing him such injury as would cripple him for life. The damages were laid in the sum of $20,000.00.

The evidence showed that, in obedience to a signal "to slack the engine back a little," defendant's engineer, without noticing plaintiff's danger, negligently permitted the steam to escape in such manner as to frighten plaintiff's mules. Testimony as to plaintiff's wage-earning capacity and its deterioration by reason of the injuries sustained, and as to his expenses and sufferings was introduced. The court instructed the jury that if defendant's servants were guilty of gross, wanton and willful negligence, they might award punitive damages to plaintiff.

The jury returned a verdict for $13,500 for plaintiff and defendant appealed. It is insisted that the verdict was excessive and that the instruction as to punitive damages was abstract and erroneous.

*Dodge & Johnson* for appellant.

1. Where the act complained of was a usual or necessary act, and was performed under circumstances not calculated to

inform the servant that it would be likely to cause injury to the traveler by frightening his team, the law is clear that there is no liability on part of defendant for the unfortunate consequences of an unforeseen result. 58 Iowa, 242; 51 Cal., 605; 8 A. & E. R. Cas., 248; 69 Me., 208; 114 Mass., 350; 15 A. & E. R. Cas., 491; 140 Mass., 79; 37 A. & E. R. Cas., 484; 98 N. C., 247; 28 N. W. Rep., 464.

2. This was not a case calling for exemplary damages. Field on Dam., sec. 34; 36 Conn., 182; 51 Ills., 467; 47 Mo., 90; 47 N. Y., 282; 9 W. Rep., 612; 33 A. & E. R. Cases, 407; 1 Otto, 489; 21 How., 213; 2 Wall. Jr., 164; Sutherland on Dam., 724; 34 A. & E. R. Cas., 432; 4 So. Rep., 359; 52 Ill., 451; 77 Ga., 788; 78 Pa. St., 219. Malice is not implied by the mere *unlawfulness* of the act. 35 Iowa, 306. Nor from the merely negligent doing of a *lawful* act. 46 Tex., 272. See also, 76 Ala., 176; 62 Md., 301; 40 Cal., 657; 39 Ark., 387–448; 41 Ark., 295; 56 N. Y., 44.

3. The damages were excessive.

4. After reviewing the Arkansas cases, and many others on the subject of entering a remittitur, contend that, where a verdict includes damages which a party is entitled to recover, with those which he should not recover, and they are not clearly severable, then the only correct course is to grant a new trial. 11 Ark., 280; 23 Ark., 112; 26 Ark., 94; 29 Ark., 448–453; 30 Ark., 505; 36 Ark., 511; 38 Ark., 238; 15 Pac. Rep., 499; 7 S. W. Rep., 378; 7 S. W. Rep., 492; 8 Atl. Rep., 462; 11 N. W. Rep., 60; 2 Atl. Rep., 751; 70 Ga., 119, 127; 74 Ga., 737; 27 N. W. Rep., 87; 15 Fed. Rep., 490; 11 Wis., 407; 55 Wis., 120.

*Sanders & Watkins* for appellee.

1. The act of the engineer in opening the steam valves at the particular time was gross, wanton and willful negligence, and the railroad was liable. Wood on Railways, vol. 2, p.

1332; 1 Abb. N. C., 440; 8 Mo. App., 488; 76 Ind., 166; 17 Kan., 475; 47 Ill., 298; 63 Ill., 151; 55 Me., 442; 59 Penn. St., 259.

2. Exemplary damages were properly allowed. 84 Ala., 608; 36 Fed. Rep., 252; 42 Ark., 322; 1 Dillon, 568; 17 A. & E. Corp. Cas., 55.

3. The verdict not excessive. 36 Miss., 660; 64 Barb., 438; 63 Barb., 260; 123 U. S., 710; 48 Cal., 409; 43 Iowa, 662; 63 Ill., 167; 38 Iowa, 592; 13 Nev., 106; 24 Hun., 184.

4. When a remittitur will cure the only error, it is allowable. 87 Mo., 43; 3 Mason (C. C.), 102; 12 Barb., 494; 49 N. H., 370; 44 Miss., 480; 62 Wis., 150.

SANDELS, J. Such absence of care by appellant's servants was inferable from the proof as well warranted a recovery by plaintiff.

**1. Exemplary damages — Negligence without malice.** The cause appears to have been fairly tried upon instructions, so far as determining the fact of defendant's liability and ascertaining plaintiff's compensation were concerned. But we are of opinion that the court erred in giving the third prayer of plaintiff respecting exemplary damages. The testimony does not present a case which demands more of the defendant than compensation. The element of *willfulness* or *conscious* indifference to consequences, from which malice may be inferred, is lacking. The engineer of defendant appears to have occasioned the injury while in the performance of his duty. He is not shown to have acted otherwise than with a careless unconsciousness of plaintiff's possible danger. *Kelly v. McDonald*, 39 Ark., 387; *Railway v. Arms*, 91 U. S., 489; *Railway v. Quigley*, 21 How., 202; Field on Damages, sec. 34; Sutherland on Damages, 724.

**2. Remittitur of exemplary damages erroneously allowed.** Having reached the foregoing conclusion, it was referred to counsel for argument, whether the court had the right to

permit a *remittitur* (in case the appellee saw fit to so pro-
ceed) as a condition to an affirmance.

We have given the subject the consideration which its
importance demands.

The history of the practice seems to be the same in the
various States.   It was originally held that a *remittitur* could
be entered only in actions *ex contractu*, or in cases of damage
to property where the value of the property furnished an
exact measure of damages properly recoverable.   And further
that it was permissible only where the *remittitur* could cure
the only error complained of.   Such were the decisions in
this State, and such the rule of this court.   *Fowler v. John-
son*, 11 Ark., 280; *Hirsch v. Patterson*, 23 Ark., 112;
*Hardy's Ex. ex parte*, 26 Ark., 94; *Hamlett v. Tallman*,
30 Ark., 505; *Dodds v. Roane*, 36 Ark., 511; *Ferguson v.
Fargason*, 38 Ark., 238.

*Railway v. Barker and wife*, 39 Ark., 491, was the first
departure from the previous limits, and established in this
State the practice, prevalent in most others, of allowing a *re-
mittitur* in *all* cases, where excessive damages were the only
element of error.

In *Blunt v. Little*, 3 Mason, 102, Judge Story says that
a verdict for damages should not lightly be disturbed on the
ground of excessiveness, and that, in permitting a *remittitur*
where such excessiveness was the only error, he felt that he
went to the limit of the law.   And so we think.   The case
of *Railway v. Barker* is certainly "the limit of the law."
In this cause the jury had properly before them the plaintiff's
expenses, his loss of time, his diminished capacity for labor,
and his pain, anguish and suffering.   The difficulties which
would beset a court in determining the justness or excessive-
ness of a verdict based upon these premises alone would not
be inconsiderable.   But superadd the element of punitive
damages erroneously allowed, and the process by which the
court is to dissect the verdict, eliminate the error, eliminate

the excess of compensation and settle upon the exact sum which plaintiff's case entitles him to have "passeth all understanding."

To attempt it, we think, would be a violation of the spirit of the Constitution, which intends that every litigant shall have a trial of his cause before an impartial jury upon proper declarations of the law.

Reversed and remanded.

BATTLE and HEMINGWAY dissent.