ARKANSAS & LOUISIANA RAILWAY COMPANY v. STROUDE.

Opinion delivered November 11, 1905.

1. TELEGRAPH—FAILURE TO DELIVER—LIMITATION.—A stipulation printed on a telegraphic message that "the company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message" will not debar a right to recover, although the claim was presented after that date, if delay was caused by the misleading statements of the telegraph company's agent. (Page 112.)

2. SAME—WHEN FAILURE TO GIVE NOTICE OF CLAIM EXCUSED.—A stipulation in a telegram requiring notice of the claim to be given within sixty days after sending the message as a condition of recovery does not require the giving of such notice before the addressee could with

reasonable diligence ascertain that the telegraph company had failed to deliver the telegram. (Page 113.)

3. TELEGRAPH COMPANIES—DAMAGES FOR MENTAL ANGUISH.—Kirby's Digest, § 7947, declaring that "all telegraph companies doing business in this State shall be liable in damages for mental anguish or suffering," etc., applies not only to telegraph companies strictly, but also to any corporation or association doing a public telegraph business. (Page 113.)

4. SAME—ESTOPPEL TO PLEAD ULTRA VIRES.—A railroad company which operates a telegraph line along its road, and is engaged in the telegraph business, serving the public therein generally for pay, is estopped to assert that it was acting beyond its power in so doing. (Page 114.)

5. EXEMPLARY DAMAGES—WHEN ALLOWABLE.—Negligence, however gross, will not justify a verdict for exemplary damages, unless the negligent party is guilty of willfulness, wantonness or conscious indifference to consequences from which malice will be inferred. (Page 114.)

6. SAME—FAILURE TO DELIVER MESSAGE.—Exemplary damages may be recovered by a telegraph company for its failure to deliver a message only where the company's employees knew where the addressee could be found, and willfully and knowingly failed to deliver the message to him. (Page 115.)

Appeal from Howard Circuit Court; JAMES S. STEEL, Judge; reversed.

STATEMENT BY THE COURT.

This is an action against appellant to recover for mental pain and anguish suffered by reason of the alleged negligent failure of the defendant to deliver a telegraphic message.

The complaint alleged that the defendant was a domestic corporation, and owned and operated for hire a telegraph line along the line of its railroad from Hope, Ark., to Nashville, Ark., and connected with the telegraph line of the Western Union Telegraph Company at Hope; that on September 30, 1903, one J. D. Carter, a relative of plaintiff, delivered to the Western Union Telegraph Co., at Mohawk, Tenn., for transmission, a message addressed to plaintiff at Nashville, Ark., in the following words: "Your wife is not expected to live. Come home at once." That said message was by the Western Union Company delivered to defendant at Hope, but that defendant wantonly, willfully and negligently failed to transmit and deliver said message to plaintiff.

The defendant filed its answer, in which all the allegations of the complaint are denied. It admitted that such a message,

addressed to A. G. Stroude, was delivered to it by the Western Union Company at Hope, and was promptly transmitted over the line to Nashville, and alleged that immediately upon receipt of the message at Nashville its agents at that place made diligent effort to find the addressee and deliver the message, but failed to find him. It also alleged that the contract by which the message in controversy was transmitted provided that any claim for damages must be presented in writing within sixty days after the message is sent, as a condition precedent to the right of recovery, and that no such claim was presented in writing, as required by the terms of said contract.

The facts proved at the trial, or so much as is deemed important to mention, are recited in the opinion.

The trial of the cause resulted in a verdict in favor of the plaintiff, and the damages were assessed at $500. The defendant filed its motion for new trial, and, after the same had been over-ruled, saved its exceptions to the rulings of the court, and appealed.

*B. S. Johnson* and *W. C. Rodgers,* for appellant.

A railroad company, not organized for carrying on a tele-graph business, and having no corporate power to do so, is not liable, under the statute. Appellee had no remedy at common law. 64 Ark. 538. Statutes which impose burdens and liabili-ties unknown at common law are construed strictly in favor of those upon whom such burdens are imposed. 59 Ark. 344, 356; *Ib.* 237, 244; 71 Ark. 556, 561; 56 Ark. 224.

Instruction No. 6 given at plaintiff's request was erroneous, first, in assuming that appellant had been guilty of willful negli-gence; second, because there was no evidence upon which to base such instruction. Exemplary damages are for extreme cases only. 2 Wash. St. 45; 8 Neb. 68; 11 Neb. 261; 7 Colo. 541; 42 Wis. 654, 672; 64 Wis. 282, 286; 53 N. H. 342; 64 Mich. 133, 141. They are given only upon the theory that the defendant deserves punishment for his wrongful acts. 38 Kan. 567, 572. Malice is a prerequisite to the right of recovery. 53 Ark. 7; 80 Me. 177, 188; 53 Mich. 280. Exemplary damages are recoverable only as the result of willful, wanton, or gross negligence. 42 Ark. 321; 46 W. Va. 48; 61 Pa. St. 302; 59 Miss. 456.

No notice of claim for damages was given defendant within the 60 days required by the contract.

*Feazel & Bishop,* for appellee.

A corporation is liable for its torts committed without the scope of its granted power and authority. 2 Am. St. 312; 31 Am. St. 833; 39 Am. St. 464. Authority to operate a telegraph line by a railroad company over its right of way is implied from the grant to it of the right to build, maintain and operate a railroad. 82 Am. St. 779; 96 *Ib.* 635; 7 *Ib.* 48; 33 Pa. St. 33; 75 Am. Dec. 574. Exemplary damages may always be recovered against a telegraph company for wanton, gross and willful negligence in transmitting and delivering a message. 7 Am. St. Rep. 530; 86 *Ib.* 893; 35 *Ib.* (S. C.) 493; 58 S. W. 118. Defendant's agent having misled the plaintiff and thereby prevented his making written demand within 60 days, it is estopped from setting up the lack of such written demand as a defense. 24 S. E. 704; 26 S. W. 470; 15 *Ib.* 568; 109 N. C. 527; 90 Iowa, 129.

McCULLOCH, J., (after stating the facts.) 1. Appellant contends that there should have been no recovery by appellee for the reason that he failed to give notice in writing of his claim for damages, as required by the contract. The following stipulation is printed upon the blank used in sending the message, viz.: "The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message." The blank upon which the message was originally written, when delivered to the Western Union Telegraph Company for transmission, contained a similar stipulation, and appellee gave notice to that company within sixty days.

It is argued that compliance with this stipulation was a condition precedent to the right to maintain a suit for recovery of damages.

If it be held that compliance with the stipulation was a condition precedent, and that appellant had a right to insist upon notice to it of the damage, we say that under the facts of this case, as shown by undisputed testimony, appellant waived its right to such notice. It is conceded that appellee, several days after the receipt of the message at the Nashville office, and after he had been informed by the sender of the message that it had been sent, inquired at the office of appellant, and was assured

by the operator that the message had never been received; and afterwards appellee's attorney informed appellant's agent of his intention to file a claim for damages on account of failure in the transmission and delivery of the message, and the agent still insisted that the message had never been received. Appellee did not know, until after the expiration of sixty days, that the message had ever been delivered to appellant, and filed his notice of damages with, and brought suit against, the Western Union Company. It is clear that appellee and his attorneys were misled by the statement made to them by the agent of appellant whose duty it was to deliver the message and to give information concerning it, and appellant cannot be permitted to take advantage of the failure of appellee to give the notice when such failure was caused by the misleading statements of its agent. Joyce on Electric Law, § 726; *Sherrill* v. *Western Union Tel. Co.,* 109 N. C. 527; *Western Union Tel. Co.* v. *Jones,* 95 Ind. 228.

Appellee could not give the notice of the damage to appellant when he did not know, and could not with reasonable diligence ascertain, that the delay was caused by appellant's fault. A construction of the stipulation which would require the giving of the notice before appellee could, with reasonable diligence, ascertain the fault, would in effect deprive him of all redress for the injury, and would render the stipulation void. *Herron* v. *W. U. T. Co.,* 90 Iowa, 129.

2. It was held by this court in *Peay* v. *Western Union Telegraph Co.,* 64 Ark. 538, that damages were not recoverable for mental pain and anguish, unattended by physical injury, occasioned by breach of duty on the part of a telegraph company in failing to promptly deliver a telegram.

Subsequent to that decision the Legislature enacted a statute declaring that "all telegraph companies doing business in this State shall be liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting or delivering messages; and in all actions under this section the jury may award such damages as they conclude resulted from the negligence of the said telegraph company." Act March 7, 1903; Kirby's Digest, § 7947. It is claimed that this statute is applicable only to telegraph companies organized for the purpose of doing a telegraph business, and not

to a railroad corporation, even though doing a telegraph business. We cannot uphold that contention. It is manifest that the Legislature did not use the term "telegraph companies" in any technical sense, but intended to apply it to any corporation or association doing a public telegraph business. Manifestly, it was the intention of the law-makers to change by statute the law as declared by this court in the case referred to above, and to make mental pain and anguish an element of damages resulting from a negligent failure to receive, transmit or deliver a telegraphic message.

The evidence shows that appellant, though organized as a railroad corporation and operating a railroad, was also operating a telegraph line along the line of its railroad, and was engaged in the telegraph business, serving the public generally for pay along its said line. It is estopped to assert that it was acting beyond its power in so doing. *Minneapolis Fire & M. Ins. Co. v. Norman,* 74 Ark. 190.

3. The court, at the request of the plaintiff, gave the following instruction on the subject of exemplary damages:

"If the jury believe, from the evidence, that the message in question was promptly and correctly transmitted to the Ark. & La. Ry. Co., and that it was received by the agent and operator of said company at Nashville, Ark., and that it was not delivered to the plaintiff, and that the failure to deliver it was because of the wanton, gross and willful negligence of the said agent, then you may add to the actual or compensatory damage which you may find for the plaintiff under the fourth instruction given at the request of the plaintiff, if you find he has sustained any damages, such exemplary or punitive damages as you may deem proper under the evidence as a punishment for the willful neglect of duty, not exceeding, however, when added to the actual damages, the amount sued for."

It is contended that exemplary damages are not recoverable in such case because the statute in question does not authorize same. It is true that this statute does not authorize such damages, but it does not follow that the same may not be recovered. The statute declares mental pain and anguish to be elements of actual damages in such cases, and, aside from the statute, in

actions for acts wantonly committed exemplary damages may be allowed where actual damages are proved.

We think, however, that the court erred in giving an instruction allowing the jury to assess exemplary damages, as there was no evidence to support a verdict of that character.

Negligence, however gross, will not justify a verdict for exemplary damages, unless the negligent party is guilty of willfulness, wantonness, or conscious indifference to consequences from which malice will be inferred. *Railway* v. *Hall,* 53 Ark. 7.

In this case no element of willfulness or conscious indifference is proved. Appellee had lived in that community only about ten months, having moved there from Tennessee. He lived outside the corporate limits of the town, but worked therein at his trade as a painter. The telegraph operator and messenger both testified that they had no personal acquaintance with him, and the latter testified that he made diligent search for the addressee named in the message, inquired of numerous persons on the street, and examined the register at the hotel, and failed to find him. It is true that appellee testified that at the time the message was sent he was at work on a building near the depot; that he had talked with both the operator and messenger since he became a resident of the community, and had, on two occasions, made inquiry of the operator, who was also express agent, for express packages, and had given his name. He does not say when this occurred. He does not show that his alleged communications with the employees of appellant were of such a character and in such close proximity in point of time to the date of this message as to indicate that they must have remembered him, known where he could be found, and willfully and knowingly failed to deliver the message to him. Nothing short of that would justify an assessment of exemplary damages. We cannot say that the evidence in this case does not sustain the verdict and the amount of damages assessed by the jury. Neither can we say to what extent the jury were influenced by the instruction as to exemplary damages. The jury might have awarded the same amount of damages if this instruction had not been given, or they might have awarded less. We cannot tell. Appellant was entitled to have the issues submitted to the jury without this erroneous instruction, and it must, therefore, be held to be pre-

judicial. *Railway* v. *Hall, supra; Inabnett* v. *St. Louis, I. M. & S. Ry. Co.,* 69 Ark. 130; *St. Louis & S. F. Ry. Co.* v. *Townsend,* 69 Ark. 380; *Neal* v. *Brandon,* 70 Ark. 79; *St. Louis, I. M. & S. Ry. Co.* v. *Wilson,* 70 Ark. 137.

For the error in giving this instruction the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.