CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY v. CANT-

WELL.

Opinion delivered April 7, 1906.

CARRIER—NEGLIGENCE—EXEMPLARY DAMAGES.—A railway company is not liable for exemplary damages for negligent failure to transport a passenger, unless it was guilty of willfulness, wantonness or conscious indifference to consequences from which malice will be inferred.

Appeal from Sebastian Circuit Court, Greenwood District; *Styles T. Rowe,* Judge; affirmed with remittitur.

*E. B. Peirce* and *T. S. Buzbee,* for appellant.

1. There was nothing in the evidence to justify a verdict for more than compensatory damages. 53 Ark. 7; 70 Ark. 136. Negligence, however gross, will not justify a verdict for exemp-

lary damages unless the negligent party is guilty of willfulness, wantonness or conscious indifference to consequences from which malice may be infered. Cases *supra; Ark. & La. Ry. Co.* v. *Stroude,* 77 Ark. 109.

2. If, however, there was testimony upon which to base instructions on exemplary damages, those given did not properly present the law. They eliminated all questions as willfulness and malice, danger attendant on backing the train to the station or allowing it to stand unprotected on the main line, and the necessity of avoiding delays in order to make connections for other passengers. 69 Ark. 81.

3. The measure of damages was such sum as would compensate plaintiff for loss of time, expense incurred and inconvenience in waiting for another train. 67 Ark. 124.

*Youmans & Youmans,* for appellee.

1. It was appellant's duty to allow appellee a reasonable time in which to board the train. 73 Ark. 548; 5 Am. & Eng. Enc. of Law, 567; 6 Cyc. 613. The time to be allowed depends on circumstances. 27 Minn. 178.

2. If the train was started with a wanton and willful disregard of appellants' duty to allow appellee a reasonable time to board the train, she was entitled to exemplary damages. 42 Ark. 328.

3. The instructions complained of do not, as contended, eliminate the question of wantonness and willfulness, but on the contrary require the finding of specific facts constituting wantonness and willfulness. If, however, there was error in that instruction, it was cured by the instruction 3 given at appellant's request, wherein the jury are told that, if wrong was done plaintiff, yet, if they found it was not wantonly and willfully done, they could not award exemplary damages. 73 Ark. 552.

BATTLE, J. On the 21st day of August, 1903, Jane Cantwell purchased a ticket of the Choctaw, Oklahoma & Gulf Railroad Company for transportation over its road from Mansfield in Arkansas to Holdenville in the Indian Territory. She was on the depot platform with her three children, ready to take the train when it arrived. It remained from five to ten minutes. She succeeded in getting the eldest child, a little girl, on the train, when

it moved out and left her and the other two children at the depot. Upon discovering the little girl on board, the trainmen stopped about one or two hundred yards from the depot and put her off. They made no effort to run the train back to the depot. To have done so, it would have been necessary to send a brakeman back about a half mile with a flag to protect against collisions and delayed the train until it would have missed connections with other trains. Mrs. Cantwell made no effort and showed no disposition to get to the train when it stopped, and it moved on.

The railway company filed an offer in court to confess judgment in favor of Mrs. Cantwell for the sum of ten dollars, which exceeded her actual damages, and she refused to accept it.

The jury in the case returned a verdict in her favor for $150, and in it included exemplary damages to which she is not entitled; for the evidence shows that the servants and employees of the railroad company were guilty of nothing more than negligence; and "negligence, however gross, will not justify a verdict for exemplary damages, unless the negligent party is guilty of willfulness, wantonness, or conscious indifference to consequences from which malice will be inferred." *Railway v. Hall,* 53 Ark. 7; *St. Louis, I. M. & So. Railway Co. v. Wilson,* 70 Ark. 136; *Arkansas & Louisiana Ry. Co. v. Stroude,* 77 Ark. 109.

If Mrs. Cantwell will remit $140, her judgment will be affirmed as to $10; otherwise the judgment will be reversed, and the cause will be remanded for a new trial.

HILL, C. J., did not participate.