HARRIS LUMBER COMPANY v. MORRIS.

Opinion delivered October 15, 1906.

1. EXEMPLARY DAMAGES—ABSTRACT INSTRUCTION.—It was error to instruct the jury that they might assess punitive damages where the evidence did not disclose any elements calling for the infliction of punitive damages. (Page 262.)

2. SAME—GROSS NEGLIGENCE.—Gross negligence alone, without any element of wilfulness, wantonness or conscious indifference to consequences from which malice may be inferred, is not sufficient to justify the infliction of punitive damaages. (Page 262.)

3. SAME.—It was error to instruct the jury that the master would be liable for punitive damages if it was guilty of negligence in assigning him to work in a place which by the exercise of ordinary care it could have known was dangerous. (Page 263.)

4. MASTER AND SERVANT—MASTER'S LIABILITY.—A master is not an insurer of his servant's safety, but is held only to exercise ordinary care in providing a safe place and appliances in which and with which the servant is to work. (Page 263.)

5.  INSTRUCTION—WHEN ABSTRACT.—It was error to submit to the jury
the question whether a certain defect in a piece of machinery caused
plaintiff's injury if there was no evidence that this defect contributed
to the injury.  (Page 263.)

Appeal from Polk Circuit Court; *James S. Steel*, Judge; reversed.

### STATEMENT BY THE COURT.

This is an action brought by Abner N. Morris against the Harris Lumber Company to recover damages alleged to have been received by the plaintiff while working for defendant in the sawmill operated by the latter at Eagleton, Arkansas.

The plaintiff alleges in his complaint that he was employed by defendant to work at a planing machine in the mill, but was put to work by the foreman at a ripsawing machine, and, while oiling the machine, the skirt of his blouse was caught by a set screw attached to a collar on the gearing shaft, and that his hand was thrown down against the saw, which was in motion, and seriously and permanently injured.  Negligence of the defendant is alleged in permitting the set screw to project out of the collar on the shaft, and also in permitting the lever attached to the ripsaw, whereby the machine could be stopped, to become defective and out of repair.

The defendant denied the allegations of negligence set forth in the complaint, and pleaded contributory negligence on the part of the plaintiff.  It also pleaded, in bar of plaintiff's right to sue, a release of all claim for damages executed by plaintiff after the alleged injury in consideration of payment of $100 by defendant to him.  The plaintiff recovered judgment, and the defendant appealed to this court.

*Brizzolara & Fitzhugh*, for appellant.

1.  Appellant was only bound to exercise ordinary care to furnish plaintiff with reasonably safe machinery with which to work.   59 Ark. 103.

2.  An employee is deemed to have assumed all the risks naturally and reasonably incident to his employment, and to have notice of all risks which, to a person of his experience and understanding, are, or ought to be, open and obvious.   1 Labatt, M.

& S. § 260. For his acceptance of the employment the law presumes that the servant appreciates the risks incident thereto, and understands the nature and hazards of the business. *Ib.* § § 250-260, and cases cited. He assumes all risks of his employment against which he may protect himself by ordinary observation and care. 197 Pa. 442; 1 Labatt, M. & S. § § 263, 264; 35 Ark. 602; 56 Ark. 232: 142 Mass. 522. He not only assumes known risks, but is bound to inform himself of them. 41 Ark. 542; 37 Pac. 679; 57 Ark. 76; 29 N. E. 589; 126 Fed. 495; Wood on M. & S. § 326; 2 Thompson on Neg. § 15; Shearman & Redfield on Neg. § 94.

3. By unnecessarily leaning across the frame and bringing his body in contact with the shaft, which he admits in his testimony that he knew to be dangerous, appellant was guilty of gross negligence, contributing to his injury. 140 Mass. 201; 41 Ark. 549.

4. Plaintiff's action is defeated by the release executed by him to the defendant.

5. The court erred in its 9th and 11th instructions to the jury. 59 Ark. 465; Beach on Contributory Negligence, § 346.

McCulloch, J., (after stating the facts.) 1. The court, over the objection of defendant, gave the following instruction, which is assigned as error, towit:

"No. 9. Damages for torts are not weighed in golden scales; and if the jury find from the evidence in this case that the defendant was grossly negligent in assigning plaintiff to work where the danger was latent and known, or that the condition of the machinery, by the exercise of ordinary prudence or care, should have been known by the defendant, then they are warranted in assessing punitive damages in this case."

This instruction was improper, and should not have been given. The evidence does not, in the first place, disclose any elements calling for the infliction of punitive damages. In the next place, it was error to say that gross negligence alone is sufficient, without any element of wilfulness, wantonness or conscious indifference to consequences from which malice may be inferred, to justify the infliction of punitive damages. *Ark-*

ansas & La. Ry. Co. v. Stroude, 77 Ark. 109; Railway v. Hall, 53 Ark. 7.

It was also erroneous, a fortiori, in declaring that the defendant would be liable for punitive damages if it was guilty of negligence in assigning plaintiff to work in a place which by the exercise of ordinary care it could have known was dangerous.

2.   Error of the court in giving the following instruction is assigned:

"No. 11.   The court charges the jury that if they believe from a preponderance of the evidence that the plaintiff was injured by reason of the set screw, and that the same was so set or arranged that it increased the risks or dangers of the employee, plaintiff here, or that the lever attached to and connected with the 'idler' was so defective that it could not be properly or efficiently used in stopping said saws, when in motion, and that these defects were latent, defendant is liable."

The effect of this declaration was to make the defendant the absolute insurer of plaintiff's safety while performing service. It is true, as we said in Southern Cotton Oil Co. v. Spotts, 77 Ark. 458, the master is bound to know of the structural parts of the machinery furnished to the servant, yet this instruction makes the master absolutely liable, regardless of the question of his negligence or care in selecting the machinery, because the arrangement of the set screw increased the danger. This court has many times said that the master is not the insurer of the servant's safety, but is only held to ordinary care in providing a safe place and safe appliances in which and with which the servant is to work. L. R. & F. S. Ry. Co. v. Duffey, 35 Ark. 602; St. Louis, I. M. & So. Ry. Co. v. Harper, 44 Ark. 524; Little Rock, M. R. & T. R. Co. v. Leverett, 48 Ark. 333; Railway Co. v. Jagerman, 59 Ark. 98; Park Hotel Co. v. Lockhart, 59 Ark. 465.

This instruction was erroneous in submitting to the jury the question concerning the alleged defect in the lever attached to the machine. There was no evidence that this defect contributed to the injury. There was no evidence that any attempt was made to control the machine with the lever so as to avoid the injury, or that it, the injury, could have been avoided if the lever had been in perfect order. The plaintiff's own testimony

shows that when the set screw caught his jumper his hand was thrown upon the saw so quick that he could not get away and could not have stopped the machine by use of the lever.

Other errors of the court are assigned; but as those already .indicated herein call for reversal of the case, it is unnecessary to discuss the other assignments, further than to say that the rulings of the court concerning the binding effect of the release executed by the plaintiff, and the necessity for return of the consideration paid therefor, fall within the decision of this court in *St. Louis. I. M. & So. Ry. Co.* v. *Brown,* 73 Ark. 42.

Reversed and remanded for a new trial.

HILL, C. J., disqualified and not participating.