## LOUISVILLE & N. R. CO. *v.* STATE.

### [65 South. 881.]

1. APPEAL AND ERROR. *Law of the case. Federal question.*
   The law of the case rule has no application in cases of a second appeal to the supreme court of the state, where the question involved arises under the Constitution and laws of the United States; the supreme court of the United States having final jurisdiction, and the state court being bound by and required to follow its decisions in such matters.

2. COMMERCE. *Power of state. Restriction on right to remove cause to federal court.*
   While a state can for any reason it sees proper exclude from doing business within its boundaries, a foreign corporation authorized only to do a purely interstate business, yet its power over a corporation which is an instrument of interstate commerce such as a foreign railroad corporation engaged both in interstate and intrastate business, is subject to limitations, one of which is that it cannot deprive it of a right guaranteed by the Federal Constitution, as the right to remove a suit from a state court to a federal court; and therefore it cannot as was attempted by Laws 1908, chapter 122, penalize it, by prohibiting it from doing an intrastate business, merely because it had exercised the right of removal.

APPEAL from the chancery court of Harrison county.
HON. J. M. STEVENS, Chancellor.

Suit by the state against the Louisville and Nashville Railroad Company. From a decree for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Green & Green* and *Gregory L. Smith,* for appellant.

*W. D. Anderson, Ross A. Collins* and *Geo. H. Ethridge,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is the third appearance of this cause in this court, the opinions rendered on the former appeals being re-

ported in 97 Miss. 35, 51 So. 918, 53 So. 454, Ann. Cas. 1912C, 1150, where a full statement of the facts and of the issues involved will be found set out, and in 61 So. 425. The decree rendered in the court below was in accordance with the opinions heretofore rendered.

Appellant's principal contention on this appeal is that the right of a foreign interstate railway carrier doing business in the state of Mississippi to remove to a federal court a suit brought against it in a Mississippi court is unconstitutionally abridged by the provisions of the statute under which the state is seeking to exclude it from further engaging in local business.

Appellee contends, appellant practically admits, and we will assume, that this contention was included in the contentions heretofore presented to this court and was decided adversely to appellant. Ordinarily, the opinions heretofore rendered would constitute the law of the case, and the matters therein decided would not be again examined by us; but the law of the case rule has no application here for the reason that the right claimed by appellant is one which arises under the Constitution and laws of the United States, and with reference to all such questions this court is not one of final jurisdiction, but is simply an intermediate appellate court, from whose decision an appeal lies to the supreme court of the United States, the decisions of which court, in all such matters, are binding upon and must be followed by us. Black's Law of Judicial Precedents, p. 269.

When the case was last before us, we upheld the validity of the statute on the ground that under the cases of *Bank of Augusta* v. *Earle,* 13 Pet. 519, 10 L. Ed. 274; *Paul* v. *Virginia,* 8 Wall. 168, 19 L. Ed. 357; *Doyle* v. *Continental Insurance Co.,* 94 U. S. 535, 24 L. Ed. 148; *Waters Pierce Oil Co.* v. *Texas,* 177 U. S. 28, 20 Sup. Ct. 518, 44 L. Ed. 647; *Security Mutual Insurance Co.* v. *Prewitt,* 202 U. S. 246, 26 Sup. Ct. 619, 50 L. Ed. 1013, 6 Ann. Cas. 317—a state has the power to exclude a foreign corpora-

tion from doing business within its borders for any rea-
son it may deem proper whether that reason be good or
bad, even though an unlawful motive might have impelled
the state to exercise this lawful power.

Since then, however, the supreme court of the United
States, in *Harrison* v. *St. Louis & San Francisco Rail-
road Co.*, 232 U. S. 318, 34 Sup. Ct. 333, 58 L. Ed.——,
has held that while this may be true in so far as a cor-
poration which is so organized that it has no authority
to do anything but a purely intrastate business is con-
cerned, a state has no such power over a corporation
which is an instrumentality of interstate commerce, such
as a railroad corporation engaged in operating a rail-
road doing both interstate and intrastate business; that
the state's power over such a corporation is subject to
certain limitations, one of which limitations is that it can-
not deprive such a corporation of a right guaranteed to
it by the Federal Constitution, and since that Constitu-
tion guarantees to such a corporation the right, under
certain circumstances, to remove a case from a state to a
Federal court, a state is without power to penalize it by
prohibiting it from doing an intrastate business merely
because it has exercised that right.   This much is clear
from the opinion rendered in that case and is sufficient
to dispose of the one now under consideration.

The opinion in the Harrison case can best be under-
stood when viewed in the light of the cases cited therein,
particularly *Western Union Telegraph Co.* v. *Kansas*, 216
U. S. 1, 30 Sup. Ct. 190, 54 L. Ed. 355, and the concurring
opinion of Chief Justice WHITE in *Pullman Co.* v. *Kan-
sas*, 216 U. S. 56, 30 Sup. Ct. 232, 54 L. Ed. 378.   In these
two cases, and also in the *Herndon case*, 224 U. S. 496,
32 Sup. Ct. 550, 56 L. Ed. 857, the states were only at-
tempting to exclude the offending corporations from do-
ing a business which was wholly intrastate.

It becomes necessary therefore for us to recede from
our former holding and to declare the statute in ques-

tion invalid. The judgment of the court below must therefore be reversed and the bill dismissed.

*Reversed and bill dismissed.*