AMERICAN RAILWAY EXPRESS COMPANY v. DAVIS.

Opinion delivered April 30, 1923.

1.  REMOVAL OF CAUSES—NATURE OF RIGHT TO REMOVAL.—Where a petition and bond for removal of a cause to the Federal court were filed in due time and overruled, and judgment was rendered against the defendant, and the cause was appealed to this court, where a new trial was granted on other grounds, and on

a second trial an amendment of the complaint was filed, not affecting the right of removal, and a second judgment was rendered against the defendant, from which he appealed, the right of removal on the second appeal must be determined as of the time when the petition and bond were filed; it being unnecessary to file a new petition and bond.

2.  COURTS—FEDERAL QUESTION—CONCLUSIVENESS OF DECISION OF FEDERAL COURT.—Where, on a former appeal, this court sustained the action of the trial court in denying a petition for removal, relying upon a decision of the Supreme Court of the United States, and subsequently that court reversed its ruling and held a similar case removable, such decision is binding upon this court.

3.  REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP.—An action is removable on the ground of diversity, though brought in a Federal district of which neither party is a resident.

4.  APPEAL AND ERROR—FORMER DECISION NOT BINDING WHEN.—A decision of this court on a former appeal herein that the case was not removable to the Federal court is not conclusive on this appeal where, in the meantime, the Supreme Court of the United States had ruled otherwise, though appellant did not appeal from the former decision of this court, he having no occasion to do so since the case was reversed upon another ground.

Appeal from Little River Circuit Court; *James S. Steel,* Judge; reversed.

*Cottingham, Hayes, Green & McInnis,* and *June R. Morrell,* for appellant.

The court erred in permitting the amendment to the complaint which states a new and different cause of action. 102 Ark. 20; 60 S. E. 805; 89 Atl. 277; 107 Atl. (Vt.) 569, 204 S. W. (Mo.) 954; 45 S. E. 220; 186 U. S. 365; 143 Mo. 137, 32 S. E. 30. Court erred in permitting and refusing the introduction of certain testimony, 6-17 assignments. Should have directed a verdict for appellant. No testimony showing that Davis had authority to compel deceased to line up the trucks. 93 Ark. 397, 125 S. W. 439. 88 Ark. 20. The court erred in giving instructions and in refusing to give appellant's requested instruction No. 7, defining "scope of employment," which was not done in instructions given. 67 Ill. App. 460. Erred also in not giving appellant's requested instruc-

tions Nos. 2 and 3 on the burden of proof, none being given on the point. 105 Ark. 213; 116 Ark. 125; 117 Ark. 572. Erred in not giving requested instructions Nos. 6, 9, 10, 11, 13 and 14, presenting appellant's theory of the case. 91 Ark. 572; 122 Ark. 125; 80 Ark. 854; 103 Ark. 260; 152 Ark. 258.

*Stephenson & Holloway* and *A. P. Steel,* for appellee.

No error in permitting amendment to complaint. Could have been treated as amended in first instance to conform to evidence introduced without objection. Case was reversed on account of erroneous instructions. 40 Am. & Eng. Ann. Cas. 1916-B, 508; 29 Am. & Eng. Ann. Cas. 1913-D, 735; 36 Am. & Eng. Ann. Cas. 1915-B, 1155; 21 R. C. L. 132; 131 S. W. (Ark.) 963; 96 S. W. 993; 53 S. W. 572. No error in introduction of testimony neither was there error in refusing to direct a verdict for appellant. The record presented a question for the jury. 75 Ark. 579; 132 Ark. 282; 137 Ark. 341; 238 S. W. 50. The instructions as a whole submitted the issues fairly to jury, and the judgment should be affirmed.

*Cottingham, Hayes, Green & McInnis,* and *June R. Morrell,* in reply.

Burden was on plaintiff to show that Garrison was acting within scope of his employment. 90 Ark. 104; 105 Ark. 130; 124 S. W. 1073; 105 Ark. 326. Court erred in refusing to give appellant's instruction numbered 1 to 5, to the effect that the court was without jurisdiction of the cause, which should have been transferred to the Federal court. 203 U. S. 449, and 209 U. S. 240.

*Stephenson & Holloway* and *A. P. Steel,* in reply to motion to remand and transfer.

No motion to transfer filed in this case; petition and bond filed in case heard on first appeal and not reversed after amendment made to complaint after reversal. Can't experiment on case in State court and then remove to Federal Court. 23 R. C. L. 716. Removal Cases, 25 U. S. (L. ed.) 593; 26 U. S., L. ed. 129; 37 U. S., L. ed. 399. Appellant tried its case in the State court, and now, for

the first time, seeks to raise the question of removal here on a record made in the old case and on the former appeal. It has waived its question of privilege, and motion to remand should be denied.

SMITH, J. This is the second appeal in this case. The opinion on the former appeal is reported in 152 Ark. 258 (*American Ry. Express Co.* v. *Davis*).

A recovery of damages was had upon the theory that the express company, by which Davis, the deceased, was employed, had placed a dangerous instrument, to-wit, a pistol in the hands of Garrison, another employee, of immature judgment, and that, at a time when Garrison was not required by his duties to use or handle the pistol, he had done so wrongfully and negligently, thereby causing its discharge and killing Davis. We held on the former appeal that no case was made on the grounds alleged, and reversed the judgment of the court awarding damages, but did not dismiss the case because, in the opinion of the majority, there was a question in the case whether Garrison had used the pistol in the discharge of his duties as Davis' superior for the purpose of compelling compliance with the directions to Davis to return to work, and had used excessive force in doing so.

Upon the remand of the cause the pleadings were amended to conform to this suggestion, and the cause was tried on that theory, and a verdict was again returned in favor of the plaintiff, from which is this appeal.

The defendant, in apt time, as appears from the former opinion, presented its bond and petition for removal to the Federal court on account of diversity of citizenship. The court overruled that petition, and this action was assigned as error. We disposed of the assignment of error by saying: "The case in that respect falls within the decision of the Supreme Court of the United States in *Ex parte Wisner,* 203 U. S. 449, to the effect that an action instituted in a Federal district other

than that of the residence of either the plaintiff or defendant cannot be removed on the ground of diversity of citizenship. We have followed that rule in numerous cases. See the recent case of *C., R. I. & P. Ry. Co.* v. *Cobbs,* 151 Ark. 207.''

This assignment of error is now renewed, but appellee insists that no relief should be granted on that account for the following reasons: (1) That, upon the remand of the cause, a new petition and bond should have been filed when the complaint was amended; (2) That the former opinion is the law of the case.

There was nothing in the amendment to the complaint affecting the right of removal. If that right existed at all, it existed both before and after the filing of the amended complaint. The cause of action sued on was the alleged wrongful death of Davis, and the ground of removal was that of diversity of citizenship.

In the case of *Texarkana Telephone Co.* v. *Bridges,* 75 Ark. 116, we said that the right of removal from the State to the Federal courts, so far as concerns the action of the State court, depends upon and must be determined by the condition of the record in the State court at the time the removal is sought, and we there quoted from the case of *Burlington, etc., R. Co.* v. *Dunn,* 122 U. S. 514, the following statement of the law: ''The theory on which it (the right of removal) rests is that the record closes, so far as the question of removal is concerned, when the petition for removal is filed and the necessary security furnished. It presents, then, to the State court a pure question of law, and that is, whether, admitting the facts stated in petition for removal to be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit.''

The amendment to the complaint gave no right of removal which did not exist when the petition and bond therefor were filed, and the right to remove must there-

fore be determined as of the time when the petition and bond were filed (they have been filed in apt time), as it is well settled that the right to insist upon a removal of the cause is not waived by filing answer and contesting the suit upon its merits. *Texarkana Telephone Co.* v. *Bridges, supra,* and cases there cited on this proposition.

As appears from our former opinion, we upheld the action of the trial court in denying the prayer to remove upon the authority of the case of *Ex parte Wisner,* 203 U. S. 449. Since then that case has been expressly overruled by the Supreme Court of the United States in the case of *Lee* v. *Chesapeake & Ohio Ry. Co.,* decided January 22, 1923, 43 Sup. Ct. Rep. 230. In this case Mr. Justice VAN DEVANTER, for the court, said: "The decision was given in 1906, and was a departure from what had been said of the same provisions in prior cases, notably *Mexican Nat. R. Co.* v. *Davidson,* 157 U. S. 201, 208, and *Sweeney* v. *Carter Oil Co.,* 199 U. S. 252, 259. Much that was said in the opinion was soon disapproved *In re Moore,* 209 U. S. 490, where the court returned to its former rulings respecting the essential distinction between the provision defining the general jurisdiction of the circuit courts and the one relating to the venue of suits originally begun in those courts. But, as the decision was not fully and expressly overruled, it has been a source of embarrassment and confusion in other courts. We had occasion to criticize it in *General Invest. Co.* v. *Lake Shore & M. S. R. Co., supra,* and now, on further consideration, we feel constrained to pronounce it essentially unsound, and definitely to overrule it."

It was by the same learned justice there also said: "In this connection it should be observed that the opinion *In re Moore* is open to the criticism that it seemingly assumes that, where neither party is a resident of the district, the removal, to be effective, needs the plaintiff's assent. We find no support for such an assumption in the provisions we are considering. Under

them, as before indicated, the exercise of the right of removal rests entirely with the defendant, and is in no sense dependent on the will or acquiescence of the plaintiff. The opinion *In re Moore* is qualified accordingly."

The case of *General Investment Co.* v. *Lake Shore & M. S. R. Co.*, 258 U. S. —, 43 S. C. Rep. 106, was decided November 27, 1922, that decision also being subsequent to our own opinion on the former appeal in this case, which was delivered February 27, 1922.

Our former opinion cannot, therefore, be the law of the case, for the reason that the case which we followed in declaring the law has been expressly overruled; and, as this is a Federal question, it is our duty to follow the decisions of the Supreme Court of the United States, and in so doing we must now hold that the case is removable, notwithstanding our former decision that it was not removable.

In the syllabus to the case of *Danaher* v. *Southwestern Telegraph & Telephone Co.*, 137 Ark. 324, it is said: "Where the issues and facts on a third appeal were the same as they were on the last of the former appeals, the decision of the Supreme Court of the United States reversing the decision of the Supreme Court of Arkansas on such second appeal would be the law of the case."

The principle controlling here was announced by SANBORN, Circuit Judge, in the case of *St. L. & S. F. R. Co.* v. *Quinette*, 251 Fed. 773, a case which, like the one under review, originated in the State of Oklahoma.

That case turned upon the construction of a statute of limitations as construed by the Supreme Court of Oklahoma. It was there said: "The court below first held that the action against the railroad company was barred by subdivision 3, section 5550, and section 5553 of the Compiled Laws of Oklahoma of 1909, which are now subdivision 3, section 4657, and section 4660 of the Revised Laws of Oklahoma of 1910; but in *Hale* v. *St. L. & S. F. R. Co.*, 39 Okla. 192, 134 Pac. 949, L. R. A.

1915-C, 544, Ann. Cas. 1915-D, 907, the Supreme Court of Oklahoma so construed these sections that they constituted no bar to this action, and, in deference to the opinion of that court, this court was constrained to reverse the judgment in favor of that company and to order a new trial. *Quinette* v. *Pullman Co.*, 229 Fed. 333, 143 C. C. A. 453. That trial to a jury has been had, and it has resulted in a joint judgment against the companies for $10,000 and costs. After the second trial and judgment, and on October 30, 1917, in *St. L. & S. F. R. Co.* v. *Taliaferro,* 168 Pac. 788, L. R. A. 1918-B, 994, the Supreme Court of Oklahoma overruled its decision in *Hale* v. *Frisco Co.,* and so interpreted these sections of the statutes that this action was, when it was commenced, and is; barred thereby, as the court below had held on the first trial of this case.''

For the reversal of the judgment in that case the appellant railroad company insisted that, according to the latest and true interpretation of the statute, the cause of action was barred before it was commenced. Counsel for the plaintiff objected to the reversal of the cause because: ''(1) The ruling of the court below on the plaintiff's demurrer to the answer of the defendant pleading the statute of limitations as a defense has not been assigned as error; (2) the question was not raised on the motion for a new trial; (3) rule 11 of this court provides that 'errors not assigned according to this rule will be disregarded'; (4) the decision of this court upon the plea of the statute of limitations in 229 Fed. 333, 143 C. C. A. 453, remains the law of this case''; and also upon another ground.

The court held against the plaintiff on all these contentions, and it was there said: ''But the true construction of the sections stated, which have been the subjects of debate and interpretation, has been the same all the time, and from a time prior to the commencement of this action they have barred it. The error has not been in the statutes, but in the first decision of the

Supreme Court of Oklahoma interpreting them, an error which, under the rule that the Federal courts follow the interpretation of the statutes of a State which the highest judicial tribunal of that State has adopted, where no question of general or commercial law, or of violation of the Constitution or laws of the United States, is involved, this court followed, as in duty bound; and, while the general rule is that the decision of a legal question by a Federal court, on a review of a trial of a cause, becomes the law of that case in a subsequent trial, and in a subsequent review of that trial by this court, there is a just and salutary exception to that rule, under which this case falls. It is that where, between the time of the decision of a Federal court of a legal question, like the construction of a State statute which is controlled by the decision of the Supreme Court of the State, and the time when the Federal court is called upon again to decide that question, or to enforce its decision in the same case, the Supreme Court of the State has either reversed or changed its former ruling, or made a decision at variance with that of the Federal court, it is the duty of the latter court, that still has jurisdiction of the case, to conform its decision and judgment to the latest decision of the Supreme Court of the State. *Messenger* v. *Anderson,* 225 U. S. 436, 443, 444, 32 Sup. Ct. 739, 56 L. ed. 1152. This rule is just and salutary, because the latest decision is presumptively the right decision, and the Federal court should apply that, rather than the erroneous one.''

This reasoning is so appropriate and conclusive of the question at issue that we have quoted at length.

It is true that there a Federal court was following the State court in the construction of a State statute; while here we are following the construction of a Federal statute by the Supreme Court of the United State; but the point is that neither the Federal nor the State law can be changed by following an erroneous decision which has been overruled before the courts are

called upon to make a final application of the overruled case. See also *Louisville & N. R. Co.* v. *State*, 107 Miss. 597, 65 Sou. 881, and other cases cited in the briefs of counsel.

It is suggested that appellant should have appealed from our former decision holding that it had no right to remove. But the sufficient answer to that argument is that it had no occasion to appeal, as we had reversed the judgment against it on another ground, leaving no judgment in force against it.

It follows therefore that the right to remove existed, and should originally have been granted; and for this error the judgment of the court below will be reversed, and the cause remanded, with directions to transfer the cause as prayed.