LINXWILER *v.* EL DORADO SPORTS CENTER, INC.

5-2238                                    343 S. W. 2d 411

Opinion delivered February 27, 1961.

[Rehearing denied March 20, 1961.]

192

*Bernard Whetstone,* for appellant.

*Mahony & Yocum,* for appellee.

GEORGE ROSE SMITH, J. At about five a.m. on September 26, 1958, Billy Linxwiler, a boy of eighteen, was accidentally shot in the throat by an employee of the El Dorado Sports Center, an all-night bowling alley. Billy's father, the appellant, brought this action for his son's injuries and for his own hospital and medical expense. The jury returned a verdict for $1,400 for the boy's personal injuries but made no award to the father in his own right. Both parties have appealed.

Upon the direct appeal Linxwiler, both in his own right and as his son's next friend, relies for reversal upon the rule that a plaintiff may complain of an inadequate judgment if the record discloses other error of a substantial and prejudicial nature. *Smith* v. *Ark. Power & Light Co.,* 191 Ark. 389, 86 S. W. 2d 411. This verdict must fairly be regarded as inadequate. Young Linxwiler suffered much pain, underwent an operation, and spent two weeks in a hospital. The injury has resulted in a slight but permanent malfunctioning of his right eye. It is shown without dispute that the medical and hospital expenses were more than $875. In view of the inadequacy of the verdict the appellant is entitled to assert other errors.

At the outset, however, the appellee insists that a procedural defect precludes the appellant from taking advantage of his strongest points for reversal. The asserted defect is that the appellant, in taking his appeal, designated a partial record and then failed to include in his statement of points relied upon (Ark. Stats. 1947, § 27-2127.5) some of the issues now argued in his brief. The appellee accordingly contends that these omitted points are not available to the appellant.

This position is not well taken, because the appellee itself filed a supplemental designation requiring that the complete record be brought up, which was done. In an unreported per curiam order entered on November 21, 1955, in *Edwards* v. *Carter Oil Co.*, we held that an appellant who tendered his record so late that it could not be filed was nevertheless entitled to prosecute his appeal by using a complete record that the appellee had filed upon cross appeal. (That order is discussed in Stevenson's Supreme Court Procedure [1956], p. 198.) By the same reasoning Linxwiler should be permitted to rely upon any point that he might have urged had he himself designated the entire record in the case. The appellant's omission has not prejudiced the appellee and therefore should not be fatal to the appeal. Ark. Stats., § 27-2106.1.

Upon the merits we think the trial court fell into reversible error in giving, at the defendant's request, three instructions defining the defendant's duty of care if the jury should find that young Linxwiler was not an invitee, or business visitor. The facts must be briefly stated to make our position clear.

Before the accident Billy Linxwiler had been working at a bakery at night, getting off at three or four o'clock in the morning. Upon leaving the bakery he sometimes went to the Sports Center to bowl at the reduced rates which were offered during the late hours. On the night in question Billy went to the Sports Center without having definitely made up his mind to bowl. Pending this decision he stood at the appellee's lunch

counter and chatted with Lavelle Parker, a nineteen-year-old employee who was in charge of the bowling alley at night.

Just before the accident a policeman came in with his wife, and, as was customary, checked his pistol at the counter. Instead of putting the pistol away young Parker took it from its holster, removed the shells (so he thought), and cocked the weapon. Billy Linxwiler made some protest about the gun's being pointed at him. As Parker attempted to let down the hammer his thumb slipped and the pistol went off, firing a cartridge still in the chamber and injuring Linxwiler.

Upon these essential facts the trial court instructed the jury in this language:

"The owner of a premises or place of business is under no duty to protect one who goes upon the premises or in the place of business as a volunteer for his own pleasure, privacy, or curiosity.

"So in this case, if the plaintiff W. H. Linxwiler, III, did not on the night of the accident participate in any game or amusement in the place of business of the defendant and did not go to the place of business for such purposes but did, in fact, enter said place of business for his own benefit, pleasure, or curiosity then the only duty that the defendant owed him for his safety was not to purposefully or intentionally injure him after his presence in the place of business was discovered."

This instruction should not have been given, for it embodies a rule of limited liability that is properly applicable to a landowner's responsibility for the condition of his premises rather than to his liability for the conduct of his employees. This distinction, though not stated in so many words, is quite apparent in the three Arkansas cases cited by the appellee upon this point. In *Aluminum Co.* v. *Walden,* 230 Ark. 337, 322 S. W. 2d 696, the issue was the landowner's liability for having maintained a lake that was hazardous to travelers. *Garrett* v. *Ark. Power & Light Co.,* 218 Ark.

575, 237 S. W. 2d 895, involving high voltage lines that were dangerous to children. And in *Knight* v. *Farmers' & Merchants' Gin Co.*, 159 Ark. 423, 252 S. W. 30, the plaintiff's injury resulted from a pre-existing condition in the cotton gin machinery rather than from contemporary negligence on the part of an employee. It may be observed that the principle underlying the instructions given in the case at bar is ordinarily discussed by text writers in connection with the landowner's liability for the condition of his premises. Prosser on Torts (2d Ed.), §§ 76 and 77; Rest., Torts, Ch. 13.

The condition of the appellee's bowling center had nothing to do with Billy Linxwiler's injury. Lavelle Parker was well aware of Billy's presence. In this situation Parker and his employer owed Billy the standard duty of ordinary care, regardless of his indecision about whether to bowl or not. Rest., Torts, §§ 336 and 341; Prosser, §§ 76 and 77. Upon the undisputed proof it appears that Billy was an invitee as a matter of law, but that fact had no bearing upon the appellee's duty of care and should not have been made an issue for the jury.

Among several other points argued by the appellant we mention only the ones that are likely to arise upon a new trial. We think the court was right in refusing to instruct the jury that Lavelle Parker was negligent as a matter of law. The plaintiff had the burden of proving that Parker's conduct fell below the standard to be expected of a reasonably prudent man. The determination of that standard of care is peculiarly within the province of the jury, so much so that a directed verdict in favor of the plaintiff would be proper only in a most exceptional case, if ever. We are also of the opinion that the court was right in refusing to submit the question of punitive damages to the jury. The proof falls short of showing either that Parker acted with malice or that he acted with such a conscious indifference to consequences that malice may be inferred. *Ark. & La. Ry. Co.* v. *Stroude,* 77 Ark. 109, 91 S. W. 18, 113 A.S.R. 130.

On cross appeal the appellee contends that it was entitled to a directed verdict, upon the theory that Parker's conduct in handling the pistol was a complete departure from the course of his employment, absolving the appellee from liability. We cannot approve this view. Even if we assume, without deciding, that Parker was acting entirely on his own in examining the weapon, it could still be found that he had returned to his duties and was acting for his employer in attempting to uncock the gun preparatory to putting it away. See Prosser, § 63. A jury question was presented.

Reversed.

GEORGE ROSE SMITH, J., on rehearing. In a petition for rehearing the appellee insists that our opinion overlooked, and tacitly overruled, our holding in *American Ry. Exp. Co.* v. *Davis,* 152 Ark. 258, 238 S. W. 1063. It is argued that in the *Davis* case we held, upon facts essentially similar to those in the present case, that the servant, in handling a pistol, had stepped aside from his master's business, so that the latter was not liable.

The *Davis* case was not overlooked, but it does not support the appellee's position. That case was reversed solely because the trial court had erroneously instructed the jury that if the master furnished the servant with a dangerous weapon such as a pistol the master would be liable "even though the use of the pistol was not in connection with the performance of any duty" at the time of the plaintiff's injury. In reversing the case, however, we did not dismiss the action. Instead, it was sent back for a new trial, which of course was a recognition of the master's possible liability. Indeed, that liability was explicitly confirmed upon the second appeal in the case, *American Ry. Exp. Co.* v. *Davis,* 158 Ark. 493, 250 S. W. 540. Thus the case, when carefully read, actually supports our present decision.

Rehearing denied.

McFADDIN, J., dissents.